**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| Anne Liconti Schropp, on behalf of herself and all others similarly situated, | Case No. _____ |
| Plaintiff, | |
| v. | Judge _____ |
| Radial, Inc., | |
| Defendant. | |

---

**COLLECTIVE ACTION COMPLAINT**

---

Named Plaintiff, Anne Liconti Schropp, hereby brings this Collective Complaint against Defendant, Radial, Inc. ("Defendant Radial"), and states as follows:

**<u>INTRODUCTION</u>**

1.     This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Named Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.     Named Plaintiff and those similarly situated (hereafter, "Putative Plaintiffs") are current and former employees of Defendant who were not paid for all hours they worked for Defendant in a workweek. This includes any hours worked over forty (40) in a work week, which should be paid at one and a half times Named Plaintiff and the Putative Plaintiff's regular rate for all hours worked over forty (40) in a workweek.

3.     Defendant systematically failed to compensate Named Plaintiff and similarly situated employees for all hours worked, including: (a) pre-shift time spent booting up computers

1

and logging into multiple software programs before the permitted clock-in time; (b) post-shift time spent logging out of those programs; (c) time spent during meal-break periods logging back in and resuming work; and (d) time Defendant required employees to use paid time off ("PTO") during internet outages rather than compensating them for forced downtime..

4.      Named Plaintiff seeks a declaration that her rights, and the rights of the putative Collective members, were violated, a judgment awarding her unpaid back wages, liquidated damages, attorneys' fees and costs to make her and the putative Collective whole for damages they suffered, and any other remedies to which they may be entitled, and to help ensure Defendant will not subject future workers to the same illegal conduct in the future.

5.      At the earliest time possible, Named Plaintiff will request a Court-authorized notice of this action pursuant to 29 U.S.C. § 216(b) to all similarly situated employee who worked for Defendant at any time in the past three years.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction over Named Plaintiff's FLSA claim, pursuant to 28 U.S.C. § 1331, because Named Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

7.      Additionally, this Court has jurisdiction over Named Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."

8.      Defendant's annual sales exceed $500,000, and Defendant employs more than two individuals; thus, the FLSA applies in this case on an enterprise basis. Defendant's customer service representatives engage in interstate commerce and, therefore, they are also covered by the FLSA on an individual basis.

2

9. This Court has personal jurisdiction over Defendant because Defendant is headquartered in the state of Pennsylvania, employs individuals within the state of Pennsylvania, and is registered with the Pennsylvania Secretary of State.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant employs customer service representatives in this district, conducts business in this district, and a substantial portion of the events that give rise to the Named Plaintiffs' claims occurred in this district.

## PARTIES

11. Named Plaintiff Anne Liconti Schropp is a resident of Melbourne, Florida and worked for Defendant as an hourly, non-exempt full-time employee from August 22, 2021 until September 2024. Beginning May 15, 2022, Named Plaintiff held the title of Workforce Management Intrada Specialist until she was laid off in September 2024. Defendant initially compensated Named Plaintiff at an hourly rate of $15.00 per hour and required her to work in office. Named Plaintiff received regular raises and in 2024 was compensated at an hourly rate of $15.75 per hour while working as a remote employee. During Defendant's busy season, which takes place from November to January each year, Named Plaintiff was paid $16.50 per hour. Named Plaintiff's notice of consent is attached hereto as **Exhibit A** and is filed with this Complaint pursuant to 29 U.S.C. § 216(b).

12. The Putative Plaintiffs are all non-exempt employees employed by Defendant within the three (3) years preceding the commencement of this action who were not paid for all hours of work performed for Defendant at either their regular rate or their overtime rate, which is paid at a rate of 150% of their respective regular rate for all hours worked over forty (40) in a workweek.

13. Defendant Radial, Incorporated is a domestic for-profit business corporation

headquartered in King of Prussia, Pa and registered to do business in the state of Pennsylvania. Process may be served upon its Registered Agent, FileJet, Inc., at 275 Glenlivet Drive, Suite 100-622, Allentown, PA 19406-1382.

## FACTUAL ALLEGATIONS

14.     During all times material to this Complaint, Defendant was an employer within the meaning of the FLSA.

15.     During all times material to this Complaint, Defendant employed Named Plaintiff and the Putative Plaintiffs within the meaning of the FLSA.

16.     Defendant "is the pre-eminent DTC eCommerce fulfillment solutions provider powering some of the world's best customer experiences."[1] These solutions include: global fulfillment; transportation management; omnichannel shopping; and payment services that ensures clients' businesses comply with government tax regulations and provides fraud protection.[2]

17.     In providing the aforementioned services, Defendant employed hourly call center employees as customer service representatives in remote and on-site call center settings located across the United States including, but not limited to, Florida, Georgia, Arkansas, Indiana, Tennessee, and Texas.[3] Defendant also employed customer service representatives in Colorado[4] and New York.[5] Defendant heavily relied on its customer service representatives to field calls from, answer questions, and resolve problems for Defendant's clients.

---

[1] *Why Radial*, radial.com, https://www.radial.com/why-radial (last visited Feb. 18, 2026).

[2] *Solutions*, radial.com, https://www.radial.com/solutions (last visited Feb. 18, 2026).

[3] Press Release, radial.com, Radial Announces More Than 10,000 Seasonal Jobs for Holiday eCommerce Support, (Oct. 3, 2023), https://www.radial.com/resources/press-room/radial-announces-more-than-10000-seasonal-jobs-for-holiday-ecommerce-support

[4] Customer Service Representative in Pueblo, CO, *Customer Service Representative at Radial Reviews*, indeed.com (Oct. 10, 2025), https://www.indeed.com/cmp/Radial,-Inc./job-titles/Customer-Service-Representative.

[5] Customer Service Representative in New York, NY, *Customer Service Representative at Radial Reviews*, indeed.com (October 19, 2023), https://www.indeed.com/cmp/Radial,-Inc./reviews?fjobtitle=Customer+Service+Representative

18.     Defendant employed Named Plaintiff as an hourly call center employee with the job title of Workforce Management Intrada Specialist.

19.     The United States Department of Labor ("DOL") recognizes that call center jobs, like those held by Defendant's customer service representatives, are homogenous. In July 2008, the DOL issued Fact Sheet #64 to alert call center employees to some of the abuses that are prevalent in the industry.[6]

20.     One of those abuses, which is at issue in this case, is the employer's refusal to pay for work from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." *Id.* at p. 2.

21.     More specifically, the Department of Labor condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails." *Id.* Additionally, the FLSA requires that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities, must be kept." *Id.*

22.     Defendant violated the FLSA and common law by systemically failing to compensate its customer service representatives, like Named Plaintiff and the Putative Plaintiffs, for work tasks they completed before and after their scheduled shifts and during their unpaid meal periods while they are not logged into Defendant's timekeeping system. As a result, customer service representatives were not paid for all overtime hours worked and, in non-overtime workweeks, for all regular hours worked.

23.     Defendant maintained companywide policies and practices that required Named Plaintiff and the Putative Plaintiffs to track their time using a computer program called ADP.

---

[6] *See* U.S. Dep't of Labor, Fact Sheet #64: Call Centers under the Fair Labor Standards Act (FLSA), https://www.dol.gov/agencies/whd/fact-sheets/64-flsa-call-centers (last visited Dec. 4, 2025).

24.     At all times material to this Complaint, at the start of each shift, Defendant required Named Plaintiff and the Putative Plaintiffs to have their computers turned on and logged into Defendant's various software programs before they could clock in. Defendant's policies forbade Named Plaintiff and the Putative Plaintiffs from tracking the substantial time they spent turning on their computer; booting up their computer; and logging into Defendant's various computer systems at the beginning of their scheduled shifts. Instead, Defendant instructed Named Plaintiff and the Putative Plaintiffs to clock in after they had finished booting up their computer and logging into Defendant's various computer systems at the beginning of their scheduled shift.

25.     At all times material to this Complaint and upon information and belief, Defendant permitted Named Plaintiff and the Putative Plaintiffs to take an unpaid meal break for one (1) hour in the middle of their shift. Named Plaintiff and the Putative Plaintiffs were not compensated for the time they spent logging out of Defendant's various computer systems at the beginning of their break. Named Plaintiff and the Putative Plaintiffs were not clocked in while they were logging back into Defendant's computer systems at the end of their break. Named Plaintiff and the Putative Plaintiffs would have to spend approximately five (5) to ten (10) minutes at the beginning and end of their break logging into or out of Defendant's various computer systems. They were not compensated for this time.

26.     At all times material to this Complaint, at the end of each shift Named Plaintiff and the Putative Plaintiffs were instructed to track the time they spent logging out of various computer programs and software at the end of each scheduled shift. However, Defendant did not permit Named Plaintiff and the Putative Plaintiffs to remain clocked in or otherwise track their time while shutting down their computers at the end of their shifts.

27.     As a result of these policies and practices, Defendant failed to compensate Named Plaintiff and her fellow customer service representatives for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

28.     Named Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of herself and on behalf of:

> **All current and former similarly situated customer service representatives who worked for Defendant nationwide at any time within the three (3) years preceding the commencement of this action through the present. ("Putative Collective members").**

29.     Named Plaintiff reserves the right to amend and refine the definition of the Putative Collective Members they seek to have the Court serve notice based upon further investigation and discovery.

30.     The precise size and identity of the Putative Collective Members should be ascertainable from the business records, tax records and/or employee and personnel records of Defendant.

31.     Excluded from the Putative Collective Members are Defendant's executives, administrative and professional employees, including computer professionals and outside salespersons.

32.     Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Named Plaintiff and others similarly situated.

33.     Consistent with Defendant's policies and practice, Named Plaintiff and the Putative Collective Members were not paid for all straight and/or premium overtime compensation in workweeks during which they worked forty (40) hours or more when considering the uncompensated off-the-clock work discussed herein.

34.     All of the work Named Plaintiff and the Putative Collective Members performed was assigned by Defendant, and/or Defendant was aware of all the work the Named Plaintiff and the Putative Collective Members performed.

35.    Defendant was aware, or should have been aware, that federal law required it to pay Named Plaintiff and the Putative Collective Members for all hours worked and an overtime premium for all hours worked in excess of forty (40) per workweek.

36.    As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Named Plaintiff and the Putative Collective Members. This policy and pattern or practice includes, but is not limited to:

a.  Willfully failing to pay its employees, including Named Plaintiff and the Putative Collective Members, for all regular hours that they worked off-the-clock in non-overtime workweeks;

b.  Willfully failing to pay its employees, including Named Plaintiff and the Putative Collective Members, for all premium overtime wages for hours that they worked off-the-clock in excess of forty (40) hours per workweek; and

c.  Willfully failing to record all of the time that its employees, including Named Plaintiff and the Putative Collective Members, worked for the benefit of Defendant.

37.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

38.    A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Named Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Named Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

39.    The employment relationships between Defendant and the Putative Collective Members are the same and differ only by name, location, and rate of pay. The key issues are the same for the Putative Collective Members, to wit: whether the Putative Collective Members are a) required to work without compensation due to uncompensated boot up and log out time; and b)

8

entitled to their regular hourly wage, including a shift differential where applicable, in non-overtime workweeks and overtime for hours worked over forty (40) in a week.

40.     Named Plaintiff estimates the Putative Collective Members, which includes both current and former customer service representatives over the relevant period, includes hundreds, if not thousands, of members. The precise number should be readily available from a review of Defendant's personnel and payroll records.

41.     The Putative Collective Members should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the Putative Collective Members, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

**COUNT I**
**FLSA COLLECTIVE ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

42.     Named Plaintiff re-alleges and incorporates all previous paragraphs herein.

43.     At all times relevant to this action, Defendant was subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq*.

44.     At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

45.     At all times relevant to this action, Named Plaintiff and the Putative Collective Members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

46.     At all times relevant to this action, Defendant "suffered or permitted" Named Plaintiff and the Putative Collective Members to work and thus "employed" them within the

9

meaning of 29 U.S.C. § 203(g) of the FLSA.

47.    At all times relevant to this Complaint, Named Plaintiff and Putative Collective Members, by virtue of their job duties and activities actually performed, were all non-exempt employees.

48.    Named Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

49.    The FLSA requires an employer to pay employees for all hours worked and the federally mandated overtime premium rate of 1.5 times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

50.    The FLSA requires all employers to keep accurate payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). *See* 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq.*

51.    At all times relevant to this action, Defendant engaged in an unlawful policy and practice of requiring Named Plaintiff and the Putative Collective Members to perform pre-, mid- and post-shift work off the clock, every shift, and failed to pay these employees their regular hourly rate for all hours worked in non-overtime workweeks and the federally mandated overtime compensation for all work performed.

52.    The off-the-clock work performed every shift by Named Plaintiff and the Putative Collective Members was an essential part of their jobs and these activities and the time associated with these activities was significant.

53.    In workweeks where Named Plaintiff and Putative Collective Members worked forty (40) hours or more, or close enough to forty (40) hours to have worked over forty (40) hours

10

when considering the uncompensated off-the-clock work time discussed herein, all of this overtime should have been paid at the federally mandated rate of one and one-half (1 ½) times each employee's regular hourly wage, including a shift differential where applicable. 29 U.S.C. § 207. Further, all "gap time" should have been paid at Named Plaintiff and the Putative Collective Members' regular hourly rate.

54.     As a result of Defendant's unlawful policies and practices, Named Plaintiff and the Putative Collective Members were deprived of both straight time and overtime wages in violation of the FLSA.

55.     Defendant's violations of the FLSA were knowing and willful. Defendant could have easily accounted for and properly compensated Named Plaintiff and the Putative Collective Members for all work activities but did not.

56.     As a result of the foregoing, Named Plaintiff was injured and seeks appropriate relief against Defendant including unpaid wages (including unpaid overtime), an additional equal amount in liquidated damages (double damages), reasonable attorneys' fees and costs, interest, and all other relief just and appropriate under the circumstances.

### RELIEF REQUESTED

WHEREFORE, Named Plaintiff requests the following relief:

a.     An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

b.     An Order compelling Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all the Putative Collective Members, and authorizing Named Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

c.     An Order designating the Named Plaintiff as representative of the Putative Collective Members and undersigned counsel as Collective counsel for the same;

11

d.  An Order declaring Defendant's violations of the FLSA were willful;

e.  An Order granting judgment in favor of Named Plaintiff and against Defendant and awarding Named Plaintiff and the Putative Collective Members the full amount of damages and penalty damages available by law;

f.  An Order awarding reasonable attorneys' fees and costs incurred by Named Plaintiff Named Plaintiff and the Putative Collective Members in filing this action as provided by statute;

g.  An Order awarding pre- and post-judgment interest to Named Plaintiff Named Plaintiff and the Putative Collective Members on these damages; and

h.  An Order awarding such other and further relief as this Court deems appropriate.


Dated: June 15, 2026                    Respectfully Submitted,


                                        **BARKAN MEIZLISH DEROSE COX, LLP**


                                        */s/ Robert E. DeRose*
                                        Robert E. DeRose (PA Bar No. 94395)
                                        4200 Regent Street, Suite 210
                                        Columbus, OH 43219
                                        Phone: (614) 221-4221
                                        Facsimile: (614) 744.2300
                                        E-mail: bderose@barkanmeizlish.com


                                        *Attorneys for Named Plaintiffs and the Putative Collective Members*